UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In the Matter of Summons Numbers HSI-PH-2025-082814-001 and HSI-PH-2025-082819-001 Issued to Meta Platforms, Inc.:*<br><br>J. Doe,<br><br>        Movant,<br><br>        v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>        Respondent.<br><br>META PLATFORMS, Inc.<br><br>        Third Party. | Case No. 25-mc-80325-PHK<br><br>**ORDER RE: PENDING MOTION TO QUASH SUMMONSES ISSUED BY THE DEPARMENT OF HOMELAND SECURITY TO META PURSUANT TO 19 U.S.C. § 1509**<br><br>Re: Dkt. 1 |

Movant J. Doe ("Doe") moves to quash two administrative summonses issued to Meta Platforms, Inc. ("Meta") on September 11, 2025 by the Department of Homeland Security pursuant to 19 U.S.C. § 1509. *See* Dkt. 1. The summonses at issue are designated as Summons Numbers HSI-PH-2025-082814-001 and HSI-PH-2025-082819-001. *See* Dkt. 1-3 (summons directed to Meta); Dkt. 1-4 (summons directed to Instagram). In sum, the summonses seek information on the identity of Doe, who has apparently posted information online (including allegedly political speech protected by the First Amendment) using anonymous Facebook and Instagram accounts. *See* Dkt. 1-3; Dkt. 1-4. The Motion to Quash asserts First Amendment and other legal bases for quashing the summonses.

In the Motion to Quash, Movant Doe "requests that this Court issue immediately an interim order directing Meta not to produce the information pending final resolution of this matter," because the production of the information sought would risk identifying Doe, thus depriving them of their asserted First Amendment right to post online using an anonymous account. [Dkt. 1 at 13 (collecting cases)]. This is not a theoretical risk, because according to Doe's sworn affidavit and Doe's counsel's representations under Rule 11: "Meta has committed to revealing its user's identity to DHS unless Movant seeks relief in court. Specifically, on October 3, 2025, Meta sent emails stating that it must 'receive a copy of documentation . . . challenging this legal process,' by October 13, 2025,25 or it 'will respond to the requesting agency with information about the requested [social media] account[s].'" *Id.* at 27 (quoting Dkt. 1-2 at ¶ 10).

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). As part of its inherent discretion and authority, a district court also has discretion in resolving disputes over whether to grant a motion to compel compliance with or to quash a Rule 45 subpoena. *See Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th Cir. 1987). Under Rule 81, Rule 45 applies to the administrative summonses at issue here because they were "issued by a United States officer or agency under a federal statute." *See* Fed. R. Civ. P. 81(a)(5).

Concomitant with the Court's discretion to manage discovery, courts have inherent authority and discretion to stay compliance with a subpoena (or administrative summons subject to Rule 45 via Rule 81) pending resolution of a motion testing that subpoena. *Harris v. United States*, 413 F.2d 314, 315 (9th Cir. 1969) (granting motion to stay compliance with a subpoena pending motion to quash and pending any appeal therefrom). The Ninth Circuit's stay order in *Harris* relies on the legal authority for courts to grant a stay of a discovery requests recognized by the Supreme Court in *Reisman*, which involved a challenge to an administrative summons issued

2

by the Internal Revenue Service (directly analogous to the summonses at issue here). *Id.* (citing *Reisman v. Caplin*, 375 U.S. 440, 445 (1964)). In particular, in *Reisman* the Supreme Court recognized that a party may intervene to challenge the propriety of the administrative summons at issue (which sought information regarding a particular witness), and the Supreme Court explicitly noted that "[i]t follows that with a stay order a witness would suffer no injury while testing the summons." *Reisman*, 375 U.S. at 449.

Accordingly, for all the reasons discussed herein, pending resolution of the Motion to Quash [Dkt. 1], the Court now **ORDERS** Meta (including its officers, directors, employees, agents, and those acting under the control of or in concert with Meta) not to produce any documents or information in response to the summonses at issue here without further order of the Court. This Order applies to both summonses at issue, and applies to Instagram (including Instagram's officers, directors, employees, agents, and those acting under the control of or in concert with Instagram) to the extent Instagram is a separate legal entity from Meta.

Counsel for Doe is **ORDERED** to promptly serve a copy of this Order on Meta and Instagram (to the extent Instagram is a separate legal entity from Meta) by any means reasonably calculated to provide notice. Counsel for Doe is further **ORDERED** to send with all deliberate speed a courtesy copy of this Order by email to counsel for Meta and for Instagram with whom counsel for Doe has been in communication regarding this matter, as reflected in the Motion to Quash. [Dkt. 1 at 27 n.25]. Counsel for Doe is further **ORDERED** to promptly serve a copy of this Order on counsel for Respondent and to send (with all deliberate speed) a courtesy copy by email to Respondent's counsel. Doe is **ORDERED** to file proofs of service for each party or third-party served.

**IT IS SO ORDERED.**

Dated: October 17, 2025

PETER H. KANG
United States Magistrate Judge