Stephen A. Loney, Jr. (admitted *pro hac vice*)
Ari Shapell (admitted *pro hac vice*)
Keith Armstrong (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
Telephone: (215) 592-1513
sloney@aclupa.org
ashapell@aclupa.org
karmstrong@aclupa.org

Jacob Snow (CA Bar No. 270988)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
jsnow@aclunc.org

Jonathan H. Feinberg (admitted *pro hac vice*)
KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN, LLP
718 Arch St. Suite 501 South
Philadelphia, PA 19106
Telephone: (215) 925-4400
jfeinberg@krlawphila.com

Seth Kreimer (admitted *pro hac vice*)
3501 Sansom St.
Philadelphia, PA 19104
Telephone: (215) 898-7447
skreimer@law.upenn.edu

Caitlin Barry (admitted *pro hac vice*)
Villanova University
Charles Widger School of Law
299 N. Spring Mill Rd.
Telephone: (610) 519-3216
caitlin.barry@law.villanova.edu

*Attorneys for Movant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In the Matter of Summonses Number HSI-PH-2025-082814-001 & HSI-PH-2025-082819-001:*<br><br>J. DOE,<br><br>    Movant,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Respondent. | Misc. Case No. 3:25-mc-80325-PHK<br><br>**MOVANT'S RESPONSE IN OPPOSITION TO RESPONDENT'S ADMINISTRATIVE MOTION FOR REFERRAL TO SETTLEMENT CONFERENCE AND STAY OF BRIEFING SCHEDULE [ECF 48]**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: F, 15th Floor<br><br>Hon. Peter H. Kang |

Movant opposes Respondent's February 20, 2026, "Administrative Motion for Referral to Settlement Conference and Stay of Briefing Schedule" (Dkt. No. 48) and specifically disagrees with the suggestion that a settlement conference would be timely or productive at this stage. Respondent's motion simply states that there is good cause to refer the parties to a settlement conference, but does not support that statement with any reason to believe a settlement conference would conserve judicial or party resources. Critically, Respondent suggests delaying adjudication to hold a settlement conference without ever having made a settlement proposal, or even suggested what the government's position might be. Respondent has been aware of Movant's demand for fees since February 2, and it has known the amount of the fee demand since February 4. To the extent Respondent takes issue with not having the full details supporting the amount of Movant's fee demand, those details were provided with the motion filed on February 10, 2026, but Respondent still has not responded with a settlement proposal or provided any indication of what Respondent's position will be.

Movant remains willing—as it has been since initiating meet-and-confer discussions on February 2—to consider and discuss any good faith proposal Respondent may make. Doing so does not require a stay of proceedings. As Respondent has made no such proposal, Movant respectfully submits that there is no basis to stay this litigation or refer the parties to mediation. Should Respondent make a proposal that leads to productive settlement conversations, the parties can discuss at that point whether a settlement conference would be beneficial. Otherwise, Respondent's attempt to sideline the pending motion for fees, without first making any settlement proposal, raises serious concerns that the purpose of Respondent's motion is to delay decision on the pending fee motion. This concern is especially heightened given the history of this litigation, where Respondent withdrew the administrative summonses that were at issue in the underlying motion to quash, only after engaging in full briefing and oral argument, in a clear effort to avoid a decision on the merits.

Such a decision touching on the merits—including a decision on Movant's pending motion for fees—is especially important in light of recent reporting indicating that Respondent "has sent Google, Meta and other companies hundreds of subpoenas for information on accounts that track or comment on Immigration and Customs Enforcement." Sheera Frankel and Mike Isaac, *Homeland Security Wants Social Media Sites to Expose Anti-ICE Accounts*, N.Y. TIMES, February 13, 2026, available at

https://www.nytimes.com/2026/02/13/technology/dhs-anti-ice-social-media.html. Even with Respondent's agreement (Dkt. No. 37) not to issue further administrative subpoenas directed specifically at Montco Community Watch social-media accounts, Movant remains concerned about being targeted for their activities outside of Montco Community Watch, and for the broader community of people put in harm's way by Respondent's abuses, including other individuals who associate and engage with Montco Community Watch. Respondent, according to the New York Times, "is expanding its efforts to identify Americans who oppose Immigration and Customs Enforcement by sending tech companies legal requests for the names, email addresses, telephone numbers and other identifying data behind social media accounts that track or criticize the agency." *Id.* In light of these ongoing efforts by Respondent to—potentially unlawfully—target social-media accounts, this Court should preserve the current schedule on Movant's motion for fees rather than letting Respondent continue to avoid any court action on its improper tactics.

      Accordingly, Movant requests that the Court deny Respondent's motion to stay and refer this matter to a settlement conference, and require that Respondent file their responsive brief in the ordinary course. Allowing Respondent to avoid putting its position in writing only makes settlement less likely. Once Respondent makes its position known, through briefing and any settlement proposal it may make, Movant would of course consider whether it makes sense at that point to hold a settlement conference.

Dated: February 23, 2026

Respectfully submitted,

By: */s/ Stephen A. Loney, Jr.*
Stephen A. Loney, Jr. (admitted *pro hac vice*)
Ariel Shapell (admitted *pro hac vice*)
Keith Armstrong (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA

Jonathan H. Feinberg (admitted *pro hac vice*)
KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN, LLP

Seth Kreimer (admitted *pro hac vice*)

Caitlin Barry (admitted *pro hac vice*)

Jacob Snow (CA Bar No. 270988)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.

*Attorneys for Movant*